**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **vs.** | : | **NO.: 05-68S** |
| | : | |
| **JAMES WIGGINS** | : | |

## MEMORANDUM IN SUPPORT OF MOTION FOR NEW TRIAL

Now comes the Defendant, James Wiggins, in the above-entitled matter and hereby motions this Honorable Court to grant him a new trial pursuant to Rule 33 of the Federal Criminal Code, *United States v. Graciani*, 61 F.3d 70, 78 (1st Cir. 1995).

The Defendant avers that the verdict was against the weight of the evidence. The jury relied on the evidentiary hearing testimony of Sergeant Thomas O'Brien regarding a portion of his direct testimony as to whether or not he knew who the Defendant was at the time of the incident and when he first determined that person was James Wiggins. Sergeant O'Brien's witness statement, which was made one (1) hour after the arrest, is conflicting and vague. (See Attached Jury Question Addressed to Judge Smith, Dated 9/8/2005; 4:00 p.m.) and contradicts his testimony (See Attached Transcript P.101, Line 4-8). *United States v. Antuori*, 212 F.3d 105, 121 (2nd Cir. 2000).

The Defendant also avers that the verdict was against the weight of the evidence when ATF agent, McNamara testified regarding the elements of 18 U.S.C. § 922(g), more specifically, the element that, "The firearm has traveled in interstate commerce." The government has not produced sufficient evidence, proof beyond a reasonable doubt, that the firearm possessed traveled in interstate commerce. Agent McNamara's only knowledge was what he read in a book (unidentified) that the firearm, a Bryco model 38

time manufactured in California. There was no other information presented by the ATF or investigation pertaining to interstate nexus of the firearm. The Department of Treasury, Bureau of Alcohol, Tobacco and Firearms – National Tracing Center Trace Request (Form ATF F3312.1) was filed on October 15, 2004, by Detective Daniel Fanning from the Providence Police working in conjunction with ATF in this case, and came back without any conclusive evidence as to the firearm, its manufacturer, importer, or country of origin. In addition, the ATF's "Report of Investigation Report of Interstate Nexus" dated November 1, 2004, by Special Agent Eric M. Yankee, also (Form ATF EF 3120.2) shows no conclusive evidence that the firearm traveled in interstate commerce or was manufacturer in California or outside the State of Rhode Island. (See Attached Reports).

Moreover, when questioned on cross-examination ATF Special Agent McNamara, made no response to the inquiry of whether or not the firearm in this case may have been a copy, an imitation, a knock-off, or counterfeit. His response was preposterous that he had no knowledge of what a counterfeit firearm was; it was also carefully designed to mislead because he was fully aware of the fact that if the firearm in question was, or could have been, a replica produced or made in the State of Rhode Island, it would most assuredly would lend to the jury's reasonable doubt of the government fulfilling one of the three (3) elements of, "The gun had traveled in interstate commerce". 18 U.S.C. § 921(a)(2) and § 922(g).

The Defendant also requests that the Court hold an evidentiary hearing on the merits of this motion for a new trial which it may allow in its discretion. *United States v. O'Keefe,* 128 F.3d 885, 893 (5th Cir. 1997).

Respectfully submitted,
James Wiggins,
By his Attorney,

William J. Murphy #4258
MURPHY & FAY, LLP
127 Dorrance Street - 2nd Floor
Providence, Rhode Island 02903
Telephone: (401) 490-3200
Facsimile: (401) 490-3207

**CERTIFICATION**

I, the undersigned, do hereby certify that I mailed a true and accurate copy of the within by regular postage pre-paid mail to Zechariah Chafee, Esquire, Assistant United States Attorney, Fleet Center 8th Floor, 50 Kennedy Plaza, Providence, Rhode Island 02903 on the 13th day of October, 2005.