**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF RHODE ISLAND**

UNITED STATES OF AMERICA :
:
v. : CR. No. 05-068S
:
JAMES WIGGINS :

**GOVERNMENT'S OBJECTION TO**
**DEFENDANT'S MOTION FOR A NEW TRIAL**

Now comes the United States and hereby objects to defendant's motion for a new trial based for the reasons stated in the attached memorandum of law.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

Zechariah Chafee
Zechariah Chafee
Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that on the 20th day of October, 2005, I mailed a true copy of the Government's Objection to Defendant's Motion For A New Trial, first class mail and postage prepaid, to:

William J. Murphy, Esq.
127 Dorrance Street
Providence, RI 02903

Paula Harvey

**IN THE DISTRICT COURT OF THE UNITED STATES**

**FOR THE DISTRICT OF RHODE ISLAND**

UNITED STATES OF AMERICAN :
:
v. : Cr.No. 05-068S
:
JAMES WIGGINS :

**GOVERNMENT'S MEMORANDUM IN SUPPORT OF IT'S OBJECTION TO DEFENDANT'S MOTION FOR A NEW TRIAL**

## I. INTRODUCTION

Defendant James Wiggins has moved for a new trial on grounds that the verdict is against the weight of the evidence. However defendant does not come close to meeting the legal standard for such a motion to succeed. His motion should be denied.

## II. THE FACTS

In September defendant went to trial on the indictment charging him with being a felon in possession of a firearm. The Court has just heard the evidence in the case so the government will not set forth the facts in detail. In short, one night two police officers, Zincone and O'Brien, rolled up in a car to a group of men standing at a street curb. Defendant walked away from the group. Zincone shined a powerful flashlight on defendant, and both officers saw him put a dark object under a toy car. It was found to be a gun. Defendant was arrested.

A detective came and brought the gun to the station. It was loaded and had no fingerprints on it. An ATF agent testified that it was not manufactured in Rhode Island. Defendant

stipulated that he is a felon.

Defendant testified that he did not put the gun under the toy car, but admitted that he was on the scene with the group of men as described by the officers.

**III. THE LAW**

Federal Rule Of Criminal Procedure 33, New Trial, states in pertinent part:

> Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires.

The remedy of a new trial must be used sparingly and only where a miscarriage of justice would otherwise result. U.S. Rothrock, 806 F.2d 318, 322 (1st Cir. 1986). Criminal Rule 33 authorizes a new trial if required in the interest of justice and "where the evidence preponderates heavily against the verdict." U.S. v. Andrade, 94 F.3d 9, 14, (1st Cir. 1996) cited in U.S. v. Villarman-Oviedo, 325 F.3d 1, 60 (1st Cir. 2003). The remedy of a new trial is rarely used. U.S. Andrade, 94 F.3d 9, 14 (1st Cir. 1996). New evidence which is merely impeaching does not form the basis for a new trial. U.S. v. Rodriguez, 783 F.2d 17-18 (1st Cir. 1984).

A review of First Circuit cases shows that they typically involve requests for relief on grounds of newly discovered evidence. However, defendant does not (and could not) make such assertions here. Instead, he argues that the weight of evidence

is against the verdict. He is wrong and he does not come close to showing a miscarriage of justice.

**IV. ARGUMENT**

First, Defendant asserts that the jury relied on the testimony of Sergeant O'Brien in reaching its verdict. He now argues that O'Brien's police report is "vague and conflicting." However, O'Brien's police report was not put into evidence nor was O'Brien questioned about the statement. Defense counsel had the report well before trial; it is not newly discovered evidence. Defense counsel did not to go into it, for whatever reason. Had he done so, O'Brien would have had the chance to explain the statement and to counteract any suggestion that he was not telling the truth at trial. In any event, defendant is now complaining about his own tactical choice.

Furthermore, Patrolmen Zincone also testified to seeing defendant place an object under the toy car, so the jury had another eyewitness to the crime. There was ample evidence for the jury to conclude that defendant possessed the gun. And the jury clearly rejected defendants own assertion of innocence.

Next, defendant argues that there was not enough evidence supporting ATF Agent McNamara's testimony that the firearm was manufactured in California. McNamara did testify that he has had training in the background of firearms from ATF and that he reviewed relevant texts in determining the background of the

Bryco pistol at issue. Also the pistol had the place of manufacture stamped right on it. Whether or not the gun was made in California was frosting on the cake. Defendant did not object to the agent's assertion that the gun was not manufactured in the state of Rhode Island. That is all that was needed. The jury concluded beyond a reasonable doubt that Agent McNamara knew what he was talking about. It cannot seriously be now suggested that the pistol was made in Rhode Island.

In his motion defendant refers to two other reports which were not referred to at trial and were not entered into evidence. These are not newly discovered evidence nor are they described as such. Furthermore, those reports are irrelevant to the issue of Agent McNamara's assessment. Defendant did not even bother raising them at trial.

Defendant also now refers to testimony at trial on the issue of whether the Bryco pistol was a copy. He is not happy with McNamara's response. If defendant thought there was a likelihood that the working Bryco pistol in evidence was just a copy of a real Bryco, he could have called his own expert. In any event, the whole notion that someone would go through the time and expense of manufacturing a copy of an ordinary pistol is absurd on its face.

Defendant's own credibility was thoroughly impeached by his claim that Sergeant O'Brien came out to arrest him in June 2005

when O'Brien testified in rebuttal that he had been promoted to sergeant before that, that he had different duties, and that he did not participate in the execution of the arrest warrant. Defendant had the case put to a jury and they found every element beyond a reasonable doubt. There was ample basis for their verdict.

## V. CONCLUSION

There is not a shred of credible evidence that James Wiggins was wrongly convicted. The credible evidence of defendant's guilt was overwhelming. The interests of justice were well served by the jury's verdict; there has been no miscarriage in this case. Defendant's motion should be denied.

Respectfully submitted,

ROBERT CLARK CORRENTE
Assistant U.S. Attorney

Zechariah Chafee

ZECHARIAH CHAFEE
Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of October, 2005 a copy of the within Government's Memorandum In Support of It's Objection to Defendant's Motion for a New Trial, was mailed by regular mail, postage prepaid, to the following:

William J. Murphy, Esq.
127 Dorrance Street
Providence, RI 02903

Paula Horsey